UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Marjorie Surface,** | **Civil No. 04-3896 (MJD/SRN)** |
| **Plaintiff,** | |
| v. | **REPORT AND RECOMMENDATION** |
| **Jo Anne Barnhart,** **Commissioner of Social Security,** | |
| **Defendant.** | |

Lionel H. Peabody, Esq., on behalf of Plaintiff

Lonnie F. Bryan, Esq., Assistant United States Attorney on behalf of Defendant

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter comes before the undersigned United States Magistrate Judge on Plaintiff's Petition for Attorney's Fees (Doc. No. 44) pursuant to the Equal Access to Justice Act (EAJA), the relevant text of which is codified at 28 U.S.C. § 2412(d).

## I.  BACKGROUND

Plaintiff Marjorie Surface ("Plaintiff") applied for disability insurance benefits on May 31, 2002, claiming she had been disabled since May 1, 2002.  (Tr. 79, 80-83).  The Social Security Administration denied her application for benefits initially and on review.  (Tr. 53-63, 64-66).  Plaintiff timely filed a request for a hearing, which was held on November 6, 2003 before Administrative Law Judge ("ALJ") Michael D. Quayle.  (Tr. 28-53).  On February 27, 2004, ALJ Quayle rendered an

unfavorable decision finding Plaintiff was not disabled within the meaning of the Social Security Act (Tr. 15-25). Plaintiff filed an appeal with the Appeals Council on March 15, 2004, requesting that the decision of the ALJ be reviewed and reversed. (Tr. 14). The Appeals Council denied Plaintiff's request for review on June 24, 2004, making the ALJ's decision final. (Tr. 10-12).

On August 26, 2004, Plaintiff commenced this civil action in federal court seeking review of the Commissioner's decision. (Doc. No. 1). On October 26, 2005, the undersigned issued a Report and Recommendation recommending that the case be remanded for further administrative proceedings. (Doc. No. 36). On November 18, 2005, District Court Judge Michael J. Davis adopted this court's Report and Recommendation and the case was remanded. (Doc. No. 41).

On January 30, 2006, Plaintiff filed this motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. (Doc. No. 44). Plaintiff bases her $6,300.00 fee request on the following: (1) attorney's fees for 30 hours of legal representation (including time in Federal Court and preparing the EAJA application and support and reply memoranda) billed at a rate of $155.00[1] per hour (total of $4,650.00); and (2) an additional $1,650.00 for 22 hours of legal assistant staff time spent preparing a summary of the record at $75.00 an hour. (See Pl.'s Mem. Supp. at 9).

---

[1] While the hourly rate as set by 28 U.S.C. § 2412 is $125.00, Plaintiff argues that $155.00 per hour rate is reasonable under Subdivision (d)(2)(A) which allows the court to "determine that an increase in the cost of living or special factor, such as limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." (Pl.'s Mem. Supp. at 4,7).

2

## II.  DISCUSSION

### A.  <u>Legal Standard</u>

The EAJA provides in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.  The party shall also allege that the position of the United States was not substantially justified.  Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).  Attorney's fees requested under this section may not exceed the rate of $125.00 per hour "unless the court determines that an increase in the cost of living . . . justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).  "Party," under the EAJA, means "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed."  28 U.S.C. § 2412(d)(2)(B).

A plaintiff must first establish that she was a "prevailing party" under the EAJA.  <u>See</u> <u>Huett v. Bowen</u>, 873 F.2d 1153 (1989) (per curiam).  Securing a court-ordered remand for further

administrative review is enough, often, for the plaintiff to validly claim "prevailing party" status. See Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993) (noting that where Plaintiff seeks and the district court remands the matter and terminates the case, that is, does not retain jurisdiction over the administrative judgment on remand, the Plaintiff is a prevailing party under the EAJA). "Once a party establishes that he or she was a prevailing party, the burden shifts to the Government to prove that it was substantially justified in asserting its position." To establish substantial justification, the Government must show that the denial of benefits had a reasonable basis in law and fact. See Welter v. Sullivan, 941 F.2d 674, 676 (8th Cir. 1991) (citing Pierce v. Underwood, 487 U.S. 552, 565-566 (1988)). This means the Commissioner's position need only be "justified to a degree that could satisfy a reasonable person" to defeat a claimant's application for attorney's fees. Pierce, 487 U.S. at 565. The test of whether the Commissioner's position was substantially justified requires a showing that the Commissioner's position was "clearly reasonable, well founded in law and fact, solid though not necessarily correct." Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986).

Because the substantial evidence and substantial justification standards are different, the Secretary's position in denying benefits can be substantially justified even if the denial is unsupported by substantial evidence on the record as a whole. The Eighth Circuit explained this issue by stating,

> Under the substantial evidence standard, the district court must consider evidence that both supports and detracts from the Secretary's position. In contrast, under the substantial justification standard the district court only considers whether there is a reasonable basis in law and fact for the position taken by the Secretary.

Welter, 941 F.2d at 676 (citation omitted). "Because the standards are neither semantic nor legal equivalents, the Secretary can lose on the merits of the disability question and win on the application for

4

attorney's fees." <u>Id.</u> (citation omitted).

### B.     The Parties' Positions

Plaintiff states that she is the prevailing party because the matter was remanded and that various sections of this Court's Report and Recommendation demonstrate that the Commissioner's position was not substantially justified.  (Pl.'s Mem. Supp. at  4).  Plaintiff contends that the Report and Recommendation and Judge Davis' Order adopting the Report and Recommendation show that "in this case the record of the hearing was so inadequate that the Court was unable to determine whether the vocational testimony constituted substantial evidence to support the ALJ's decision." (<u>Id.</u> at 6.)  Due to complications in recording the proceedings, much of the vocational expert's testimony was lost. Plaintiff further contends that "rather than moving for remand upon receipt of the transcript, the Government filed an answer, required Plaintiff to fully brief and argue the case, and continued to oppose remand in Defendant's Memorandum in Support of Summary Judgment despite acknowledging loss of part of the Vocational Expert's Testimony."  (<u>Id.</u>)  Plaintiff suggests that "because the record was not fully and fairly developed, and because the Government opposed remand with knowledge of an inadequate transcript, the Government's position was not substantially justified. (<u>Id.</u>)  Consequently, Plaintiff argues that she is entitled a full award of her attorney's fees.  (<u>Id.</u> at 10.)

The Government argues that fees should not be awarded because its position was substantially justified and the ALJ's decision had a reasonable basis in fact.  (Def.'s Mem. at 2-4.)  Furthermore, the Government contends that "it was reasonable for the ALJ to conclude that the record was sufficiently developed that he could  issue a well-reasoned decision." (<u>Id.</u> at 4-5.)  Further, the Government argues

"Plaintiff has not disputed the ALJ's characterization of the vocational testimony, nor has she provided any evidence to counter either the ALJ's characterization of the vocational testimony or the substance of that testimony." (Id. at 5). Finally, the Government argues that "although the Court remanded Plaintiff's case due to this deficit, the court has made no finding that the ALJ erred in any respect in his weighing of the evidence or the decisions he reached." (Id.).

In addition, the Government also contends that the amount Plaintiff requests is not reasonable. (Id). The Government argues that the burden rests on the Plaintiff to prove that the requested fees are reasonable and that the Plaintiff has failed to do so in this case. (Id).

Finally, the Government challenges the portion of the fees requested for legal assistant services and also argues that the hours spent by the attorney were excessive if the legal assistant did, in fact, contribute 22 hours to developing the record. (Id. at 6). Furthermore, the Government suggests that the "Plaintiff has failed to specify the value that the legal assistant added to the case" and that the description of the time spent "abstract(ing)" is insufficient to justify a reward. (Id.; See Time Summary for Pamela Meinke (Doc. No. 46)). Accordingly, the Government requests, at a minimum, that this Court omit the Plaintiff's request for legal assistant fees (Id. at 7).

### C. The Court's Recommendation

The Court recommends granting Plaintiff's fee petition in the amount of $4,650.00

First, Plaintiff was a prevailing party for purposes of the EAJA. Here, Plaintiff sought remand and the Court ordered remand, entered judgment, and terminated the case (Doc. Nos. 41, 42), making Plaintiff a prevailing party under the EAJA. See id.

Second, the Court finds that the Government's position was not substantially justified. Previously,

6

this Court found that the ALJ improperly discounted the importance of the incomplete record. (Doc. No. 36 at 19-20.) The Government's position is not substantially justified when its position is not well founded in law *and fact*. Jackson, 807 F.2d at 127 (emphasis added). The Government bears the burden of showing that its denial of benefits was substantially justified, see id., but the Court finds it has not met this burden in light of the above findings. The Court finds there was no reasonable basis in law and fact for the Commissioner's position that Plaintiff was not entitled to benefits on the basis of this incomplete record. Therefore, the Government's position was not substantially justified and Plaintiff should be awarded fees and costs under the EAJA. The Court has reviewed the time records submitted and finds that Plaintiff's attorney spent a reasonable amount of time in preparing Plaintiff's case and that the $155.00 per hour rate is reasonable in light of the increase in the cost of living since the enactment of the $125.00 statutory rate guideline set in 1996.

However, this Court finds that the portion of the award attributable to a legal assistant's fees is not reasonable given the insufficient record regarding the work performed by the legal assistant. While paralegal and legal assistant fees may be awarded under certain circumstances,[2] this Court does not find the description of work performed, i.e., "abstract" sufficient to justify the award. (See Time Summary for Marjorie Surface. (Doc. No. 46)).

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED that:**

> 1. Plaintiff's Petition for Attorney's Fees (Doc. No. 44) in the amount of $4,650.00

---

[2] See Stockton v. Shalala, 36 F.3d 49 (8th Cir. 1994) (Eighth Circuit approved award of paralegal fees under the EAJA where the attorney handling the case was blind).

        be **GRANTED,** in part; and

2.     Plaintiff's Petition be **DENIED,** in part; to the extent that it seeks legal assistant fees in the amount of $1,650.00.

Dated: July 28, 2006.

                              s/Susan Richard Nelson
                              SUSAN RICHARD NELSON
                              United States Magistrate Judge

Under D. Minn. L.R. 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by August 14, 2006, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.